# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID E. WALLACE          : CIVIL ACTION
                          :
    vs.                   :
                          : NO. 08-CV-3239
G. MICHAEL GREEN, ET. AL. :

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                      **March 31, 2010**

The Defendants in this civil rights action hereby move for the entry of summary judgment on all of the plaintiff's claims against them on the grounds that they are barred by the statute of limitations and/or by the doctrines of absolute and qualified immunity. For the reasons which follow, the motion shall be granted.

## Factual Background

The plaintiff here, David Wallace, was arrested on March 1, 2004 on charges of manufacture, delivery, or possession with intent to deliver controlled substance, reckless endangerment, corruption of and furnishing liquor to a minor and criminal solicitation and conspiracy. Those charges arose out of a series of events which occurred between February 19 and 21, 2004 at the plaintiff's home in Broomall, PA, in a motel in Springfield, PA and at a residence in Northeast Philadelphia with Mr. Wallace's common law wife and a 16 year-old girl. On January 24, 2005, as

part of a negotiated plea, Mr. Wallace pled guilty to the offenses of delivery of controlled substance and to corruption of minors for transferring the controlled substance and alcohol to the underage girl and he was sentenced to a term of imprisonment of 12 to 24 months to run concurrently and to two years' state probation to run consecutively.[1]  All of the other charges against Plaintiff were nolle prossed.

In the Fall of 2005, Mr. Wallace's case came up for review and parole consideration by the Pennsylvania Board of Probation and Parole.  Although it appears that the Delaware County District Attorney's Office did not take any action to oppose Plaintiff being granted parole at the expiration of his minimum sentence, on December 23, 2005, the Board denied Mr. Wallace early release on the grounds that he had refused to accept responsibility for his offenses and had refused to undergo sex offender therapy.  Apparently, the Board believed that such therapy was required because, according to its records, the plaintiff's conviction for corruption of a minor was of a sexual nature.  The genesis of this mistaken belief was ultimately traced to a guideline sentencing form which the prosecuting Assistant District Attorney had apparently handed to the Court at

---

[1] Mr. Wallace also pled guilty at that time to the charge of driving under the influence, which charge arose out of a separate incident.  On that charge, he was sentenced to 30 days to 12 months' imprisonment, also to run concurrently, to completion of safe driving school and to pay the costs of prosecution.

Mr. Wallace's plea and sentencing hearing.  The plaintiff was subsequently required to serve his full sentence of two years.

Mr. Wallace filed a petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C. S. §9541, *et. seq.* ("PCRA") alleging, *inter alia*, that he was "being held on a charge [he] did not plea[d] to," and "the error on [his] status sheet has caused [his] parole to be denied."  (Plaintiff's Answer to Defendants' Motion for Summary Judgment, Exhibit "A," at p. 4, quoting Defendant David Wallace's PCRA petition, p. 3). Although this petition was denied by the trial court in April 2006, the Pennsylvania Superior Court reversed that decision on February 22, 2007 and held that the failure of the trial court and defense counsel to notice the error on the Sentencing Guideline Form constituted reversible error and "blatant ineffectiveness."  The Superior Court thus remanded the matter to the trial court for the appointment of new counsel and re-sentencing.  According to a subsequent Memorandum Opinion entered by the Pennsylvania Superior Court on January 14, 2010, it took the Delaware County Court of Common Pleas twenty-two months to enter an order, "without notice to Appellant or holding a hearing... striking the 'sexual nature' reference from the sentence guideline form."  Because by that time Mr. Wallace had served his entire sentence and completed his probation, the Superior Court found that there was no further relief available

3

to him and it treated the trial court's order striking the reference as one correcting a typographical error and affirmed.

The plaintiff brought this suit on July 10, 2008 against the District Attorney of Delaware County, the Assistant District Attorney who initially prosecuted his case and completed the guideline sentencing forms at the time of his guilty plea and sentencing, and the Assistant District Attorney for Appeals, who opposed his application for relief under the PCRA. Plaintiff seeks relief under 42 U.S.C. §1983 for denial of due process and his right to a fair trial under the Fourteenth Amendment, denial of substantive due process and his purported right to be free from arbitrary and capricious decision-making under the Fourteenth Amendment, and for a denial of his rights to due process by virtue of the defendants' alleged violation of <u>Brady v. Maryland</u>.

By way of the motion for summary judgment that is now before us, Defendants assert that the plaintiff's claims are barred by the statute of limitations and by the doctrines of absolute prosecutorial and/or qualified immunity. Plaintiff rejoins first that the statute of limitations argument was previously rejected by this court or alternatively that the statute was equitably tolled because plaintiff could not file suit until such time as the decision directing that he be re-sentenced had been issued. Plaintiff further submits that immunity should not attach because

4

the defendants were acting in their administrative – not their prosecutorial capacities.

**Standards Governing Summary Judgment Motions**

Summary judgment is appropriate only if there are no genuine issues of material fact such that the movant is entitled to judgment as a matter of law. Erdman v. Nationwide Insurance Co., 582 F.3d 500, 502 (3d Cir. 2009); Fed.R.Civ.P. 56(c). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Id., quoting Wetzel v. Tucker, 139 F.3d 380, 383 n.2 (3d Cir. 1998). In conducting our review, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. See, Conoshenti v. Public Service Electric & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004); Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). The mere existence of a scintilla of

evidence in support of the nonmoving party's claim is insufficient. Bruesewitz v. Wyeth, Inc., 561 F.3d 233, 253 (3d Cir. 2009).

**Discussion**

*1. Statute of Limitations*

As noted, the defendants' first assertion in support of their application for summary judgment is the bar of the statute of limitations. Specifically, they argue that Mr. Wallace knew or had reason to know of his alleged "injury" when he was denied early release on or about December 23, 2005 and when he filed his petition for post conviction relief on December 28, 2005, some 2 years and 8 months prior to the filing date of the complaint in this case.

It is axiomatic that to state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-2255, 101 L. Ed. 2d 40 (1988); Cassell v. City of Philadelphia, No. 09-2537, 2009 U.S. App. LEXIS 22472 at *5 (3d Cir. Oct. 13, 2009). State employment is generally sufficient to render the defendant a state actor and thus a public employee may be considered to be acting under color of state law while acting

6

in his official capacity or while exercising his responsibilities pursuant to state law. West, 487 U.S. at 50, 108 S. Ct. at 2255.

Despite the fact that §1983 does not itself contain a statute of limitations, civil rights claims under that section must be filed within such time as is prescribed for personal injury actions in the state where the cause of action arose. City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 124, 125 S. Ct. 1453, 1460, 161 L. Ed. 2d 316, 328 (2005); Wilson v. Garcia, 471 U.S. 261, 280, 105 S. Ct. 1938, 1949, 85 L. Ed. 2d 254 (1985). The accrual date for such causes of action, on the other hand, is a question of federal law that is not resolved by reference to state law and which may be inferred by examination of the federal rules conforming in general to common-law tort principles. Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007). Under those principles, it is "the standard rule that accrual occurs when the plaintiff has a complete and present cause of action"; that is, when "the plaintiff can file suit and obtain relief," or when a plaintiff knew or should have known that his civil rights have been violated. Rondon v. Passaic County Jail, No. 09-4089, 2010 U.S. App. LEXIS 5230 at *3 (3d Cir. Mar. 11, 2010); Wallace supra., quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California, 522 U.S. 192, 201, 118 S. Ct. 542, 139 L. Ed. 2d 553 (1997); Marcum v. Harris, 328 Fed. Appx. 792,

7

795 (3d Cir. April 2, 2009). As a further general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d cir. 2009).

Plaintiff here has invoked the ruling in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) that a prisoner has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated or impugned by the grant of a writ of habeas corpus[2]. <u>Id</u>., 512 U.S. at 489, 114 S. Ct. at 2373. As the Supreme Court reasoned in that case,

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the §1983 claim has not yet arisen. Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor ... (citations omitted), so also a §1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

512 U.S. at 489-490, 114 S. Ct. at 2374. *In accord*, <u>Brown v. City of Philadelphia</u>, 339 Fed. Appx. 143, 145-146, 2009 U.S. App. LEXIS 16634 (3d Cir. July 29, 2009).

---

[2] In <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 469 (1973), the Supreme Court previously considered the potential overlap between Section 1983 and 28 U.S.C. §2254, governing writs of habeas corpus. The Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of §1983." <u>Heck</u>, 114 S. Ct. at 2369, citing <u>Preiser</u>, 411 U.S. at 488-490, 93 S. Ct. at 1835-1837. As noted in <u>Heck</u>, however, the <u>Preiser</u> court had no cause to address and did not consider, the question of damages.

8

However, the rule in Heck applies only to those Section 1983 claims which take the tort of malicious prosecution[3] as their model; it does not apply to false arrest or false imprisonment claims. See, e.g., Baker v. Wittevrongel, No. 09-2174, 2010 U.S. App. LEXIS 2027 at *10-11 (3d Cir. Jan. 29, 2010), citing Wallace, 549 U.S. at 393-394.  In false imprisonment cases, limitations begin to run against such a cause of action when the alleged false imprisonment ends and, "reflective of the fact that false imprisonment consists of detention without legal process[4], a false imprisonment ends once the victim becomes held pursuant to such process - when, for example he is bound over by a magistrate or arraigned on charges" or when he is released. Wallace, 127 S. Ct. at 1096; Alexander v. Fletcher, No. 09-4288, 2010 U.S. App. LEXIS 4579 at *4, fn. 2 (3d Cir. Feb. 4, 2010).

---

[3] To prove malicious prosecution under Section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

[4] A false imprisonment claim under §1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law. Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995), citing Baker v. McCollan, 443 U.S. 137, 142, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). A false imprisonment claim under §1983 which is based on an arrest made without probable cause is grounded in the Fourth Amendment guarantee against unreasonable seizures. Groman, supra.; Barna v. City of Perth Amboy, 42 F. 3d 809, 820 (3d Cir. 1994). See Also, Kokinda v. Breiner, 557 F. Supp. 2d 581, 592 (M.D. Pa. 2008); Garcia v. County of Bucks, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001). It thus appears that a §1983 claim may lie for violations of procedural due process under the purview of the Fourteenth Amendment. See, e.g., Donahue v. Gavin, 280 F.3d 371, 383, n. 18 (3d cir. 2002); Torres v. McLaughlin, 163 F.3d 169 (3d Cir. 1998).

In as much as the plaintiff's arrest and incarceration occurred in Pennsylvania, the statute of limitations on his §1983 claims was two years. See, Murray v. Diguglielmo, No. 09-3994, 2010 U.S. App. LEXIS 2367 at *4 (3d Cir. Feb. 4, 2010); 42 Pa. C. S. §5524(2). In the *ad damnum* or "wherefore" clauses of his complaint, the plaintiff seeks damages from the defendants "for false imprisonment, oppression, humiliation, embarrassment, loss of reputation, pain and suffering, punitive damages, attorneys fees and costs of suit." However, instead of premising the four counts of his complaint upon the Fourth Amendment, Mr. Wallace instead invokes the *Fourteenth* Amendment and alleges: (1) that Defendants "acted jointly and severally to deprive [him] of his Fourteenth Amendment procedural due process right to notice of the crime for which he would be sentenced and sent to prison" (First Cause of Action); (2) that Defendants Halligan and Green "acted jointly and severally to deny to plaintiff his Fourteenth Amendment due process right to a fair trial..." (Second Cause of Action); (3) "as a direct and proximate result of defendants' action in preparing and filing a false Guideline Sentence Form, plaintiff was denied his due process right under the Fourteenth Amendment to be free of arbitrary and capricious decision-making in the parole process." (Third Cause of Action); and (4) that Defendants Green and Halligan "jointly and severally denied to plaintiff his Fourteenth Amendment due process right to

10

disclosure of evidence and documents pertaining to his guilt or innocence by producing to plaintiff in discovery a sentencing sheet that was completely different from the sentencing sheets later submitted to the Delaware County Court of Common Pleas without the knowledge of plaintiff or his counsel." (Fourth Cause of Action).

As it appears from the facts alleged and the *ad damnum* clauses that the nature of Plaintiff's Section 1983 claims more closely resemble those based on false imprisonment rather than malicious prosecution, at least as against these defendants,[5] we find that the holding in Heck v. Humphrey has no application here. In as much as the record evidence here conclusively demonstrates that Mr. Wallace knew of his purported improper detention on or about December 28, 2005[6], he was required to file suit by no later than two years from that date. Having failed to file suit until July 10, 2008, we find his causes of action[7] to

---

[5] Indeed, nowhere in his complaint does the plaintiff challenge the probable cause underlying the criminal proceedings or the charges filed by the defendants named here. Instead, the gravamen of Plaintiff's claims is his continued incarceration after completion of the first 12 months of his prison sentence and the decision by the Pennsylvania Board of Probation and Parole to deny him early release.

[6] In adhering to the date on which the plaintiff filed his petition for relief under the Pennsylvania Post Conviction Relief Act, we give him the benefit of an additional five days from the issuance of the Board's decision denying him parole.

[7] It should further be noted that claims arising out of arrests and prosecutions without probable cause will not lie under Section 1983 for violations of one's Fourteenth Amendment substantive due process rights. Indeed, in Albright v. Oliver, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) the Supreme Court rejected the plaintiff's Section 1983 claim that by

11

be barred by the statute of limitations[8].

   *2. Absolute and/or Qualified Immunity*

We would additionally be compelled to enter judgment in the defendants' favor on the grounds that these defendants have been shown to be entitled to absolute prosecutorial immunity.

Recognizing that the threat of civil liability could prevent the "vigorous and fearless performance of the prosecutor's duty

---

filing criminal charges against him, the defendant police officer deprived Plaintiff of substantive due process - his "liberty interest" - to be free from criminal prosecution except upon probable cause. 510 U.S. at 269, 114 S. Ct. at 810-811. In so doing, the Albright Court observed:

> ... "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims. ... The framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it," ... and "[w]e have in the past noted the Fourth Amendment's relevance to the deprivations of liberty that go hand in hand with criminal prosecutions." Albright, 510 U.S. at 274, 114 S. Ct. at 813, citing Gerstein v. Pugh, 420 U.S. 103, 114, 95 S. Ct. 854, 862, 43 L. Ed. 2d 54 (1975). Thus, "it is the Fourth Amendment, and not substantive due process, under which petitioner Albright's claim must be judged. Albright, 510 U.S. at 271, 114 S. Ct. at 811. *In accord*, DiBella v. Borough of Beachwood, 407 F.3d 599, 601-602 (3d Cir. 2005).

In as much as Mr. Wallace's Second, Third and Fourth Causes of Action appear to be premised upon his Fourteenth Amendment entitlement to substantive due process, we would be constrained to grant summary judgment in favor of the defendants on those claims for this reason also.

[8] In ruling on the defendants' motion to dismiss, we had likewise considered whether or not the doctrine of equitable tolling might also have application to extend the statute of limitations. The Third Circuit has articulated three federal equitable tolling principles: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum. Kach v. Hose, 589 F.3d at 643; Ruehl v. Viacon, Inc., 500 F.3d 375, 384 (3d Cir. 2007); Lake v. Arnold, 232 F.3d at 360, 370 at n. 9 (3d Cir. 2000); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). Having now had the opportunity to examine a more fully developed record, we find no evidence that any of these three principles has been met here and thus the statute of limitations may not be equitably tolled.

that is essential to the proper functioning of the criminal justice system," the Supreme Court, in the seminal case of <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976), held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983."  <u>Id</u>., 424 U.S. at 427, 431, 96 S. Ct. at 993-994, 995.  This immunity, however, is not so absolute that it encompasses all of a prosecutor's activities.  Rather, a prosecutor acting in an investigative or administrative capacity is protected only by qualified immunity.  <u>Burns v. Reed</u>, 500 U.S. 478, 483, n.2, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991); <u>Imbler</u>, 424 U.S. at 430-431.

In light of the "quite sparing" recognition of absolute immunity to §1983 liability, it follows that there exists a presumption that qualified rather than absolute immunity is appropriate.  <u>Odd v. Malone</u>, 538 F.3d 202, 207-208 (3d Cir. 2008), quoting <u>Carter v. City of Philadelphia</u>, 181 F.3d 339, 355 (3d Cir. 1999).  To overcome this presumption, a prosecutor must show that he or she was functioning as the state's advocate when performing the action(s) in question.  <u>Odd</u>, 538 F.3d at 208.  The courts approach this inquiry in a "functional" manner such that they look to the "nature of the function performed, not the identity of the actor who performed it" to determine whether absolute or qualified immunity should apply.  <u>Buckley v.

13

Fitzsimmons, 509 U.S. 259, 269, 113 S. Ct. 2606, 2613, 125 L. Ed. 2d 209 (1993), quoting Burns, 500 U.S. at 486, 111 S. Ct. at 1939 and Forrester v. White, 484 U.S. 219, 229, 108 S. Ct. 538, 545, 98 L. Ed. 2d 555 (1988).[9]

Accordingly, absolute immunity has been found to apply when: (1) a prosecutor prepares to initiate a judicial proceeding, Burns v. Reed, supra; or (2) appears in court to present evidence in support of a search warrant, Kalina v. Fletcher, 522 U.S. 118, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997), even where a plaintiff makes allegations of malice, bad faith, vindictiveness, or self-interest. See, Introcaso v. Meehan, Civ. A. No. 07-3726, 2008 U.S. Dist. LEXIS 53230 at *11-*12 (E.D. Pa. July 9, 2008), citing Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 9 (1991). On the other hand, absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press or when a prosecutor acts as a complaining witness in support of a warrant application. Van De Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009). Most recently, the Supreme Court has found that absolute immunity *does* attach and operates to protect

---

[9] Stated otherwise, under this functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or quasi-judicial capacity and for actions "intimately associated with the judicial phases of litigation," but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings. Odd, supra, quoting, *inter alia*, Light v. Haws, 472 F.3d 74, 78 (3d Cir. 2007) and Giuffre v. Bissell, 31 F.3d 1241, 1251 (3d Cir. 1994).

14

prosecutors against claims that their supervision, training or information-system management was constitutionally inadequate such as where a prosecutor's office fails to provide a defendant's attorney with impeachment-related information. Van De Kamp, 129 S. Ct. at 862, 864-865.

Finally, while it is the prosecutor himself who bears the "heavy burden" of establishing entitlement to absolute immunity, it must be noted that absolute immunity also applies to the adversarial acts of prosecutors during post-conviction proceedings where the prosecutor is personally involved and continues his role as an advocate. Odd v. Malone, 538 F. 3d at 207; Yarris v. County of Delaware, 465 F.3d 129, 136-137 (3d Cir. 2006). However, "where the role as an advocate has not yet begun or where it has concluded, absolute immunity does not apply." Yarris, at 137, quoting with approval, Spurlock v. Thompson, 330 F.3d 791, 799 (6th Cir. 2003).

In this case, the record evinces that it is the policy in the District Attorney's office in Delaware County that the Assistant District Attorneys (ADAs) assigned to prosecute cases complete the Guideline Sentence Forms (GSF) required by the Administrative Office of the Pennsylvania Courts for their individual cases. Here, James Halligan, the ADA assigned to prosecute the plaintiff's case, completed some ten different GSF's for the various charges against Mr. Wallace between

15

November 9, 2004 and January 24, 2005, the date on which Mr. Wallace was scheduled either for trial or plea.  On that date, Mr. Wallace did agree to plead guilty and Mr. Halligan subsequently handed what he believed were the correct forms to the Court on that date.  Mistakenly, Mr. Halligan apparently included the GSF that he had previously completed for the offense of Corruption of the Morals of a Minor - when of a sexual nature, a Misdemeanor 1 offense, along with the GSFs for the offenses of Driving Under the Influence of Alcohol, a Misdemeanor of the Second Degree, for Delivery of a Controlled Substance, an ungraded felony, and for the Corruption of the Morals of a Minor for transfer of the controlled substance.  While he may have been careless and negligent in turning in this form to Judge Keeler, Mr. Halligan was nevertheless clearly acting in his prosecutorial capacity as an advocate for the state – and was not functioning exclusively as an administrator or an investigator.  In addition, it appears that Defendant Nedurian had no contact with this case until he was assigned to handle Mr. Wallace's PCRA petition on behalf of the District Attorney's office.  Although we likewise would find that the reasoning behind Mr. Nedurian's opposition to the PCRA application is scant given Judge Keeler's colloquy, we find no doubt that in so doing, Mr. Nedurian was operating solely as a prosecutor pursuing the Commonwealth's case against Mr. Wallace.   Accordingly, we grant summary judgment to the

defendants here on the basis of absolute immunity[10] also.

An order follows.

---

[10] Qualified immunity inures to all but the plainly incompetent or those who knowingly violate the law, and provides immunity to certain officials unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Malley v. Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986) Wright v. City of Philadelphia, 409 F.3d 595, 599-600 (3d Cir. 2007); Crouse v. South Lebanon Township, 668 F. supp. 2d 664, 671, 674 (E. D. Pa. 2009).  Because we find the defendants' activities to be protected by absolute immunity, we need not address the defendants' alternative claimed entitlement to qualified immunity.